Merrimack, }
Dec., 1898. }

## BROWN *v.* PEASLEE.

In an action of trespass for wrongfully piling wood upon land of another, the liability of the defendant is not established by proof that he was the owner of the wood, and paid the purchase price therefor with knowledge of its situation.

TRESPASS, *quare clausum*. Facts found by the court. The defendant bought wood of one Mitchell, to be delivered on the cars at Bradford, for which he was to pay one dollar a cord when it was cut, one dollar when it was drawn out on the plains, and one dollar when it was loaded on the cars. Mitchell drew the wood across the plaintiff's land and yarded it there instead of the place mentioned in the contract. The defendant, knowing the wood was on the plaintiff's land, advanced money to Mitchell in addition to that then due him. The plaintiff, being uncertain who owned the wood or was responsible for the trespasses upon his land, placed two writs — one against Mitchell and the other against the defendant — in the hands of a sheriff, with the instruction not to serve the one against the defendant unless he claimed to own the wood. The defendant, being informed by the sheriff that he had the writs and asked who owned the wood, replied that it was his; whereupon the sheriff made service of the writ against him (the one in this action) and made no service of the other. Some of the wood was then on the plaintiff's land, as the defendant knew, but has since been drawn away and delivered to the defendant according to the contract. The defendant did not authorize or direct the entry upon, or the use of, the plaintiff's land by Mitchell, and is not guilty unless,

upon the facts stated, he is responsible for Mitchell's acts as a matter of law. The court ruled that the defendant was not liable, and the plaintiff excepted.

*Albin, Martin & Howe,* for the plaintiff.

*Fred H. Gould,* for the defendant.

CHASE, J. Mitchell, in using the plaintiff's land, was not acting as a servant or agent of the defendant, but was acting independently. If the defendant is responsible for the acts, it is because of his advancements to Mitchell after he learned that the wood was on the plaintiff's land, or because of his reply to the sheriff's inquiry about the ownership of the wood. The payments furnish no ground for such responsibility. The securing of a place for " yarding " the wood was Mitchell's affair and not the defendant's; and besides, so far as appears, the defendant may have understood at the time of the advancements that Mitchell had obtained the plaintiff's permission to use his land for the purpose.

The plaintiff apparently proceeded on the assumption that the ownership of the wood fixed the liability for the trespass. His instruction to the officer was to inquire of the defendant on this subject, and not to serve the writ against him unless he claimed to own the wood. The officer limited his inquiry accordingly. The defendant undoubtedly is estopped from denying the truth of his answer in consequence of the plaintiff's action in reliance upon it, and for the purposes of the case must be regarded as the owner. Although ownership of the wood was a fact to be considered in determining the question of the defendant's liability, it did not establish the liability as a matter of law. The wood was composed of inert objects which would not have been upon the plaintiff's land unless placed there by some one. The trespass arose from the acts of placing it there and not from its ownership. Unless the defendant directed or authorized these acts he was not the trespasser. His assertion that he owned the wood fell far short of being an admission that he committed the trespass. He did not say that he directed, authorized, or ratified Mitchell's acts, and from what appears in the case it cannot be held as a matter of law that he did.

*Exception overruled.*

PARSONS, J., did not sit: the others concurred.